## S. H. WILBUR

### v.

## W. C. TURNER.

*Practice—Tort of Constable—Aiding Unlawful Act by.*

1. Whether or not certain facts in evidence in a given case constituted "aid" in a legal sense, to a person in the doing of an alleged tort, is for the jury to decide.

2. In an action brought to recover from the defendant for aiding a constable in wrongfully removing personal property of the plaintiff, the same never having been returned, this court declines, in view of the evidence, to interfere with the judgment in his behalf.

[Opinion filed January 24, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. CONKLING & GROUT and J. C. SNIGG, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

*Per Curiam.* Appellee was the owner of two horses which one Charles H. Tipton, a constable, took away from his premises, and appellee never saw them again. No legal justification was offered for such taking. Appellant was sued for having aided Tipton in this wrong done to appellee, and upon the trial a jury returned a verdict against appellant for $325, upon which judgment was rendered. The whole controversy was as to whether appellant by his acts in the premises had made himself liable to appellee for the unlawful taking. We have carefully read the evidence and think it clearly warranted the verdict.

Appellant criticizes appellee's instructions because the words, "aided, abetted and assisted," as used in the instructions, were not qualified by the court, and referring to cer-

tain facts proved, asks: "Do such acts constitute "aid" in a legal sense, to Tipton, in the doing of the alleged tort?"

Whether they did or not was a question of fact for the jury.

We think the objection untenable and the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*